UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MAJUSTIC SHEPARD,                                                                    Plaintiff,

v.                                                          Civil Action No. 3:22-cv-P133-DJH

DWAYNE CLARK,                                                                       Defendant.

*  *  *  *  *

**<u>SERVICE AND SCHEDULING ORDER</u>**

This is a *pro se* action brought by Plaintiff Majustic Shepard, a pretrial detainee at the

Louisville Metro Department of Corrections (LMDC), pursuant to 42 U.S.C. § 1983.  Plaintiff

sues LMDC Director Dwayne Clark in his official and individual capacities.  The Court

construes the complaint as asserting claims for deliberate indifference to Plaintiff's health and/or

safety in violation of the Fourteenth Amendment.  Upon review of the complaint pursuant to

28 U.S.C. § 1915A, the Court will allow this action to proceed for further development.  To

govern the development of the action, it is hereby

**ORDERED** as follows:

(1)      **The Clerk of Court shall issue summons, and the United States Marshal shall**

**serve a copy of the complaint (Docket No. 1), summons, and this Service and Scheduling**

**Order on Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure.  A**

**copy of the foregoing materials shall also be mailed to the Jefferson County Attorney.**

(2)      Should Plaintiff receive notice that the summons is returned to the Court

unexecuted, **Plaintiff is WARNED that he must take steps to remedy the defect in service** by

providing additional information to the Court.  **Failure to do so within 90 days of entry of this Order may result in dismissal of the action.**  *See* Fed. R. Civ. P. 4(m).

(3)     The answer shall be filed no later than **21 days** after service of summons.  Insofar as is practicable, the answer is to restate in separate paragraphs the allegations of the complaint, followed by Defendant's answer.

(4)     The parties shall serve upon each party, or their counsel, a copy of each document filed in this action as required by the Federal Rules of Civil Procedure, including a certificate of service, if required.  *See* Fed. R. Civ. P. 5.

(5)     The parties shall complete all pretrial discovery herein no later than **October 14, 2022**.  As a requirement of discovery, Defendant's counsel shall produce to Plaintiff all records or documentation relevant to the allegations set forth in the complaint.  **Counsel shall certify that the production is complete and shall file the certification with the Court**.  Within the same time, Plaintiff shall provide counsel for Defendant any records or documentation relevant to his claims.  **Plaintiff shall certify that production is complete and shall file the certification with the Court**.  A party who wishes to file discovery material with the Court must comply with Federal Rule of Civil Procedure 5(d).  *See* Fed. R. Civ. P. 5(d)(1) ("[T]he following discovery requests and responses *must not* be filed until they are used in the proceeding or the court orders filing:  depositions, interrogatories, requests for documents . . ., and requests for admission.") (emphasis added).

(6)     This Order does not override a party's responsibility to timely and completely respond to any discovery requests made pursuant to Federal Rules of Civil Procedure 33, 34, and

36, nor does it prevent a party from otherwise engaging in discovery that is consistent with the Federal Rules of Civil Procedure.[1]

(7)     No later than **November 14, 2022**, Plaintiff shall file a pretrial memorandum, setting forth in detail all facts upon which he bases his claims in this matter against Defendant.

(8)     No later than **December 14, 2022**, Defendant shall file a pretrial memorandum. In lieu thereof, or if Plaintiff fails to file the required pretrial memorandum, Defendant may file any dispositive motion, including a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

(9)     Either party may file dispositive motions at any time after providing the discovery required above, or after providing sufficient reason why discovery is unnecessary for resolution of the pending motion.  All dispositive motions shall be filed no later than **December 14, 2022**.

(10)     If any party wishes additional time to complete any of the actions directed above, a motion requesting any such extension must be filed with the Court before any such deadline expires.  Any such motion to extend any time should indicate the reasons for extension.  The Court will not grant an extension unless good cause is shown.

(11)     Should Plaintiff change addresses during the pendency of this matter, he must provide written notice of a change of address to the Clerk of Court and to Defendant's counsel. *See* LR 5.3(e).

(12)     Plaintiff is **WARNED** that his failure to notify the Clerk of Court of any address change or failure to comply with this or any subsequent order of the Court **MAY RESULT IN A DISMISSAL OF THIS CASE**.

---

[1] The Court notes, however, that this action is exempt from the initial disclosure and conference requirements of Federal Rule of Civil Procedure 26.  *See* Fed. R. Civ. P. 26(a)(1)(B)(iv) ("The following proceedings are exempt from initial disclosure . . . (iv) an action brought without an attorney by a person in custody of the United States, a state, or a state subdivision."); Fed. R. Civ. P. 26(f) (parties must confer "[e]xcept in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B)").

(13)   The Clerk of Court is **DIRECTED** to mail Plaintiff a copy of the ***Pro Se***

**Prisoner Handbook**.

Date:   June 21, 2022

**David J. Hale, Judge**
**United States District Court**

cc:   Plaintiff, *pro se*
       Defendant (as directed above)
       Jefferson County Attorney (as directed above)
4415.010