UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| MAJUSTIC SHEPARD | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. 3:22-cv-0133-DJH |
| v. | ) | |
| | ) | |
| | ) | |
| DEWAYNE CLARK | ) | |
| | ) | |
| Defendant | ) | |

(*electronically filed*)

## DEFENDANT CLARK'S MOTION
## FOR SUMMARY JUDGMENT

Comes the Defendant, Dwayne Clark ("Clark"), by counsel, and for his motion for summary judgment states as follows:

### I.    INTRODUCTION

Defendant Dwayne Clark ("Clark") is entitled to summary judgment because Plaintiff has failed to exhaust his administrative remedies under 42 U.S.C. 1997, commonly referred to as the Prison Litigation Reform Act ("PLRA"), and no further discovery is necessary for the Court to decide that threshold issue.

### II.    FACTS

Plaintiff filed this *pro se* action on March 4, 2022.[1]  Plaintiff alleges Clark, who was then director of the Louisville Metro Department of Corrections ("LMDC"), violated his Fourteenth Amendment rights under color of law by housing him in conditions that exposed him to COVID-19, and that on an unspecified date contracted the virus as a result.[2]  Plaintiff claims he was not

---

[1] *See generally*, DN 001.
[2] *Id*. at 4.

properly insulated from sick inmates due to overcrowding and officers "taking the inmates brooms and mops before they had the chance to clean".[3]  Lastly, Plaintiff references a grievance he filed concerning the cleaning supplies on February 26, 2022, and attached a copy of that grievance to his complaint.[4]

The court construed Plaintiff's Complaint as asserting claims of Fourteenth Amendment deliberate indifference to his "health and/or safety" against Clark in his official and individual capacities and allowed these claims to proceed.[5]   Clark now moves for summary judgment.

### III.    STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, 'show that there is no genuine issue as to any material fact' such that 'the movant is entitled to judgment as a matter of law.'" *Villegas v. Metropolitan Government of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013) quoting *Ventas, Inc. v. HCP, Inc*., 647 F.3d 291, 324 (6th Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). "The central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Barnes v. Kerr Corp*., 418 F.3d 583, 588 (6th Cir. 2005) quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-252 (1986).  No "genuine dispute" exists if a reasonable fact-finder could not accept the nonmoving party's version of the facts, *see Matsushita Elec. Indus.Co.*, 475 U.S. at 586–87, or if, even on the nonmoving party's version of the facts, the law would still require a judgment for the movant, *Anderson* 477 U.S. at 248.

---

[3] *Id.*
[4] *See* DN 1-1.
[5] *See* DN 006.

The fact that a plaintiff is *pro se* does not lessen his or her obligations under Rule 56. "The liberal treatment of *pro se* pleadings does not require the lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *See Johnson v. Stewart*, 2010 WL 8738105 (6th Cir. 2010) (citations omitted).

## IV. ARGUMENT

Summary judgment is appropriate because Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997 (e).  Plaintiff did not file any operative grievances addressing his concerns about conditions at LMDC.  Moreover, even if Plaintiff's single grievance about cleaning supplies in February could somehow be construed as an operative grievance, Plaintiff still failed to exhaust because he did not appeal the denial of that grievance in accordance with the LMDC grievance policy.

**Clark further asserts, per the Court's Order, that no additional discovery is necessary before the filing of this motion because the failure to exhaust is a complete bar to this lawsuit.**

### A. <u>Plaintiff failed to file a grievance.</u>

"No action shall be brought with respect to prison conditions under section 1983 of this title, or under any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e (a). An inmate cannot fail to file a grievance or abandon the process before completion and then claim exhaustion or claim that doing so too late would be futile because of an administrative limitations period.  *See Hartsfield v. Vidor*, 199 F. 3d 305, 309 (6th Circuit 1999); The potential effectiveness of an administrative response bears no relationship to the statutory requirement that prisoners first attempt to obtain relief through administrative procedures." *Massey v. Helman,* 196 F.3d 727, 733 (7th Cir.2000). There is no question that exhaustion is mandatory under the PLRA and that

unexhausted claims cannot be brought in court.  *Jones v. Bock*, 549 U.S. 199, 211 (2007) (internal

citations omitted).  Failure to exhaust administrative remedies is an affirmative defense, which the

defendant has the burden to plead and prove by a preponderance of the evidence.  *Id.* at 216.

According to the LMDC Inmate Grievance procedure, "A grievance shall include *all*

*aspects of the issue that the grievant wants to be addressed* and shall specifically identify the staff

involved."[6]  In the single grievance Plaintiff filed on February 26, 2022, he only took issue with

the early removal of cleaning supplies.   This grievance makes no mention of conditions of

confinement, COVID-19, social distancing, over-crowding, sanitation, hygiene, nor the Plaintiff

himself getting sick or even being exposed to the virus.  Plaintiff did not file an operative grievance

that addresses the allegations raised in his complaint.   He has therefore failed to pursue his

administrative remedies under the PLRA, let alone exhaust them, and summary judgment in favor

of Clark is appropriate.

### B.  Plaintiff also failed to appeal denial of his grievance.

The PLRA requires exhaustion of internal remedies for "all inmate suits about prison life,

whether they involve general circumstances or particular episodes, and whether they allege

excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To meet this

requirement, an inmate must "properly exhaust" his remedies, which requires strict compliance

with the grievance process provided by the prison. *Woodford v. Ngo*, 548 U.S. 81, 93-94 (2006).

"Proper exhaustion" means that the plaintiff complied with the administrative "agency's

deadlines and other critical procedural rules because no adjudicative system can function

effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-

91. To establish that he has exhausted his administrative remedies, a prisoner-plaintiff must have

---

[6] *See* LMDC Inmate Grievance Procedure at pp. 4, attached as Exhibit 1 (emphasis added).

presented his grievance(s) "through one complete round" of the established administrative process. *Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), *overruled in part on other grounds by Woodford v. Ngo*, 548 U.S. at 87.

"[A]n inmate does not exhaust available administrative remedies . . . when the inmate filed such a grievance but 'did not appeal the denial of that complaint to the highest possible administrative level[.]" *Id.* (quoting *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)). "'To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" *Woodford v. Ngo*, 548 U.S. at 87 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)). An inmate must demonstrate that he has exhausted all available administrative remedies; when he fails to do so, dismissal of the complaint is appropriate. *See, e.g.*, *Burden v. Price*, 69 F. App'x 675, 676 (6th Cir. 2003).

Plaintiff failed to exhaust his administrative remedies. Even if Plaintiff's February 26, 2022 grievance addressing the premature removal of cleaning supplies could somehow be construed as sufficient to grieve the issues raised in his complaint, Plaintiff failed to pursue that grievance beyond the initial filing.[7] LMDC protocol requires that an inmate who has received an adverse grievance ruling to appeal that ruling within five (5) working days of receiving a response, or to escalate that grievance to the next level within 50 days of filing if no response is received.[8]

Plaintiff's grievance was filed on or about February 26, 2022, a few days before this lawsuit was initiated. Plaintiff received a response finding his grievance unfounded on March 16, 2022.[9] According to both the grievance records themselves and Ms. Bell's affidavit, Plaintiff did not appeal from this disposition, which the LMDC policy required him to do no later than March 23,

---

[7] *See* Majustic Shepard Grievance #8025, attached as Exhibit 2; also see Affidavit of Charine Bell, attached as Exhibit 3.
[8] *See* Exhibit 1 at pp.5.
[9] *See* Exhibit 2 at pp. 2.

2022.  Because Plaintiff failed to appeal his grievance denial, he failed to exhaust administrative remedies under the PLRA.  Clark is therefore entitled to summary judgment because the failure to exhaust bars Plaintiff's claims herein.

### V. CONCLUSION

For the foregoing reasons, Defendant Dwayne Clark respectfully requests that his motion for summary judgment be granted.

MIKE O'CONNELL
JEFFERSON COUNTY ATTORNEY

/s/ Richard Elder
Richard Elder
Assistant Jefferson County Attorney
200 S. Fifth Street, Suite 300N
Louisville, Kentucky 40202
PHONE: (502) 574-3493
EMAIL: richard.elder@louisvilleky.gov
*Counsel for Defendant, Dwayne Clark*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 10, 2022, a copy of the foregoing was electronically filed with the clerk of the court by using CM/ECF system and Defendant mailed copies to:

Majustic Shepard
#626784
Louisville Metro Department of Corrections
400 S. 6th Street
Louisville, KY 40202

/s/ Richard Elder
RICHARD ELDER