UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MAJUSTIC SHEPARD,     Plaintiff,

v.     Civil Action No. 3:22-cv-P133-DJH

DWAYNE CLARK,     Defendant.

\* \* \* \* \*

## ORDER

Plaintiff Majustic Shepard filed this *pro se* prisoner action under 42 U.S.C. § 1983. Defendant Dwayne Clark filed a motion for summary judgment (Docket No. 10). Plaintiff did not respond to the motion. Before ruling on the motion, the Court will give Plaintiff another opportunity to file a response to the motion and provide him guidance in doing so. Accordingly, it is hereby

**ORDERED** that Plaintiff **SHALL** file a response to Defendant's motion for summary judgment (DN 10) within **21 days** of entry of this Order. Defendant may file a reply within **14 days** of service of Plaintiff's response.

**Plaintiff is WARNED that should he fail to file a response to the motion within the time allotted, this action will be dismissed for failure to comply with an Order of this Court and lack of prosecution.**

The Court provides the unrepresented Plaintiff with the following general guidance in responding to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *See United States v. Ninety-Three Firearms*, 330 F.3d 414, 427 (6th Cir. 2003). The Court advises Plaintiff that, in order for him to defeat the motion for summary judgment, he must demonstrate a genuine issue of material fact for trial and must support this assertion by citing to facts that can be presented in a form that would be admissible in evidence. *See* Fed. R. Civ.

P. 56(c). Plaintiff must support his facts with affidavits (his own statement or witness statements, either sworn or signed under penalty of perjury) and/or other documents contradicting the material facts asserted by Defendant. Otherwise, the Court may accept Defendant's facts as true and grant judgment in his favor. The full text of Rule 56 (the summary-judgment rule) is attached to this Order.

Date: January 9, 2023

David J. Hale, Judge
United States District Court

cc: Plaintiff, *pro se*
Counsel of record

4415.010

**FEDERAL RULE OF CIVIL PROCEDURE 56—SUMMARY JUDGMENT**

**(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

**(b) Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

**(c) Procedures.**

  **(1)** *Supporting Factual Positions*. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

   **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

   **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

  **(2)** *Objection That a Fact Is Not Supported by Admissible Evidence*. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

  **(3)** *Materials Not Cited*. The court need consider only the cited materials, but it may consider other materials in the record.

  **(4)** *Affidavits or Declarations*. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

**(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

   **(1)** defer considering the motion or deny it;

   **(2)** allow time to obtain affidavits or declarations or to take discovery; or

   **(3)** issue any other appropriate order.

**(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

   **(1)** give an opportunity to properly support or address the fact;

   **(2)** consider the fact undisputed for purposes of the motion;

   **(3)** grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or

   **(4)** issue any other appropriate order.

**(f) Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:

   **(1)** grant summary judgment for a nonmovant;

   **(2)** grant the motion on grounds not raised by a party; or

   **(3)** consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

**(g) Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case.

**(h) Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court--after notice and a reasonable time to respond--may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.