UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MAJUSTIC SHEPARD,                                                      Plaintiff,

v.                                                    Civil Action No. 3:22-cv-P133-DJH

DWAYNE CLARK,                                                         Defendant.

* * * * *

## MEMORANDUM

Plaintiff Majustic Shepard filed the instant *pro se* complaint under 42 U.S.C. § 1983. Defendant Dwayne Clark filed a motion for summary judgment (Docket No. 10).  Plaintiff failed to respond to the motion.  On January 9, 2023, the Court entered an Order directing Plaintiff to file a response within 21 days (DN 81).  The Order warned Plaintiff that failure to file a response to the motion within the time allotted would result in dismissal of the action.

More than 21 days have passed, and Plaintiff has failed to comply with the Court's Order or to otherwise take any action in this case.  Further, the docket sheet shows that Plaintiff has taken no action in this case since July 29, 2022 (DN 9).  Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims.  Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."  Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case.  *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  "[T]he lenient treatment of pro se litigants has limits.  Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant."  *Pilgrim v.*

*Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Moreover, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Id.* at 629.

Upon review, the Court finds that Plaintiff's failure to comply with the Court's prior Order, despite the warning of dismissal, and failure to take any action in this case in over six months show a pattern of failure to pursue this case. Therefore, by separate Order, the Court will dismiss the instant action.

Date:    February 8, 2023

**David J. Hale, Judge**
**United States District Court**

cc:    Plaintiff, *pro se*
       Counsel of record
4415.010

2